UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOEY KIMBROUGH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22-cv-01217-SEB-KMB ) |
| SNAP-ON CREDIT LLC; EXPERIAN INFORMATION SOLUTIONS, INC; and EQUIFAX INFORMATION SERVICES LLC, | ) Honorable Sarah Evans Barker ) ) Magistrate Judge Kellie M. Barr ) |
| Defendants. | ) ) |

**DEFENDANT SNAP-ON CREDIT LLC'S RESPONSE TO PLAINTIFF'S FIRST MOTION TO AMEND COMPLAINT AND ADD DEFENDANTS**

Defendant Snap-on Credit LLC ("Defendant"), through its undersigned counsel, responds to Plaintiff Joey Kimbrough's First Motion to Amend Complaint and Add Defendants (ECF No. 32) as follows:

**INTRODUCTION**

Plaintiff alleges Defendant violated the Fair Credit Reporting Act (the "FCRA") based on how it reported a debt to various credit reporting agencies. Defendant denies it violated the FCRA and denies it caused Plaintiff any damages. After almost five months of litigation, Plaintiff seeks to amend his complaint to add as defendants: (1) Nicholas T. Pinchuk ("Pinchuk"), the chairman and chief executive officer of non-party Snap-on Incorporated, (2) Joseph J. Burger ("Burger"), Defendant's President, (3) Karen L. Daniel ("Daniel"), a board member of non-party Snap-on Incorporated, and (4) David C. Adams ("Adams"), another board member of non-party Snap-on Incorporated. These individuals had no involvement with Plaintiff's account (the "Account") and certainly no involvement in the credit reporting of the Account. Plaintiff does not allege otherwise, and he cannot in good faith do so.

Plaintiff seeks to add these individuals solely due to their status as corporate officers or board members of Defendant or Defendant's parent company Snap-on Incorporated. It is well-settled that corporate officers, executives, and board members cannot be held personally liable under the FCRA for alleged statutory violations of their respective companies. *Firneno v. Radner Law Grp., PPLC*, 2016 U.S. Dist. LEXIS 142907, *16-17 (E.D. Mich 2016) (dismissing FCRA claim against the "principal" of one of the defendants and an officer, owner, and/or manager of another LLC defendant holding that they cannot be held personally liable for their respective companies' statutory violations or tortious conduct); *Batdorf v. Trans Union*, 2000 U.S. Dist. LEXIS 6796, *3, 6-7 (N.D. Cal. 2000) (dismissing FCRA claim against the chief executive officer of a credit reporting agency holding that "[d]irectors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position").[1]

Plaintiff also seeks to add Defendant's parent company, Snap-on Incorporated, as a party. He does not provide any independent basis for doing so. He attempts to add Snap-on Incorporated solely due to its status as Defendant's parent. Again, it is well-settled that a "parent company is not liable for the acts or omissions of its subsidiary based merely on the parent/subsidiary relationship." *Batdorf*, 2000 U.S. Dist. LEXIS 6796 at 6-7; *see also Neal v. Penn Nat'l Gaming, Inc.*, 2009 U.S. Dist. LEXIS 25504, *6 (S.D. Ind. 2009) ("parent corporations are not liable for the wrongs of their subsidiaries unless they cause the wrongful conduct (and so are directly liable) or

---

[1] *See also Perovich v. Humphrey*, 1997 U.S. Dist. LEXIS 16949, *7-9 (N.D. Ill. 1997) (dismissing claims against executive officers and owners of one of the defendants because they "cannot be held vicariously liable for statutory violations committed by the corporation's collection agents or some other employee"); *Shostack v. Diller*, 2015 U.S. Dist. LEXIS 123777, *12-13 (S.D.N.Y. 2015) ("it is . . . well-established that . . . it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by its employees or agents").

the corporate veil is pierced"); *LinkAmerica Corp., v. Albert*, 857 N.E.2d 961, 968 (Ind. 2006) ("We start with the presumption that a parent and subsidiary are independent entities . . ."); *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) ("Parents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent, but unless there is a basis for piercing the corporate veil and thus attributing the subsidiaries' torts to the parent, the parent is not liable for those torts.").

The Court should deny Plaintiff's request for leave to add Defendant's parent company and various corporate officers and board members. Notably, such a denial would not prejudice Plaintiff in any way or deny him his day in court. His FCRA claim against Defendant—the actual entity that reported the Account to the credit reporting agencies—remains pending.

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings. *Jenice Golsen-Dunlap v. Elan Motorsports Techs.*, 2011 U.S. Dist. LEXIS 169785, *5-6 (S.D. Ind. 2011). It permits such an amendment after a responsive pleading has been filed only upon leave of court or consent of the adverse party. *Id.*; *see also* Fed. R. Civ. P. 15(a)(2). "Although leave to amend should be freely given . . . that does not mean it must always be given." *Massey v. Ameriquest Mortg. Co.*, 2010 U.S. Dist. LEXIS 10386, *4-5 (S.D. Ind. 2010). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* An amendment would be futile if the proposed amended complaint would not survive a motion to dismiss. *Id.* That is the case here.

Under Indiana law, a corporation is an independent legal entity, separate and distinct from its shareholders. *Department of Treasury of Indiana v. Crowder*, 15 N.E.2d 89, 91 (Ind. 1938). It

is well-established that a corporate officer or shareholder may not be held liable for acts by the corporation merely because he or she is an officer or shareholder. *Birt v. St. Mary Mercy Hospital of Gary, Inc.*, 370 N.E.2d 379, 382 (Ind. Ct. Appl. 1977).  The same is true for limited liability companies. *Pazmino v. McKinney*, 989 N.E.2d 784, 786 (Ind. Ct. Appl. 2013) ("[t]he purpose of a limited liability company is to provide individuals the same protection enjoyed by shareholders of a corporation through creation of a distinct legal entity").

Plaintiff's instant attempt to hold corporate officers and board members personally liable solely due to their status as such is not unique.  Other plaintiffs have tried to do so and courts have routinely rejected such attempts—including in cases that involved alleged FCRA violations (like this case).

In *Firneno*, the plaintiff attempted to assert a FCRA claim against the principal of one of the defendants who allegedly "directed and controlled" that defendant's operations and an officer, owner, and/or manager of another LLC defendant who allegedly "directed and controlled" that LLC defendant's operations.  2016 U.S. Dist. LEXIS 142907 at 16-17.  The court dismissed the FCRA claim against the individual defendants applying the long-standing, well-settled principle that corporate executives, officers, members, and/or board members cannot be held personally liable for their respective companies statutory violations or tortious conduct. *Id*.  It did so despite the plaintiff's allegations that they "directed and controlled" the defendant's operations. *Id*.

In *Batdorf*, the plaintiff attempted to assert FCRA claims against the chief executive officer of the defendant credit reporting agency and the chief executive officer of the credit reporting agency's parent company.  2000 U.S. Dist. LEXIS 6796 at 3.  The court dismissed the FCRA claim against the chief executive officer because "[d]irectors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position." *Id*. at 6-

4

7. The court, likewise, dismissed the plaintiff's FCRA claim against the defendant credit reporting agency's parent company because a "parent company is not liable for the acts or omissions of its subsidiary based merely on the parent/subsidiary relationship." *Id*.

In *Hahn v. Star Bank*, the plaintiff attempted to assert FCRA claims against the chief executive officer, chief financial officer, and two vice presidents of the bank defendant. The district court dismissed the claims. 190 F.3d 708, 714 (6th Cir. 1999). The United States Court of Appeals for the Sixth Circuit then affirmed the dismissal because "an employee of a corporation has no personal liability for the torts of the corporation unless the individual personally participated in the challenged actions." *Id*.

Courts have also dismissed claims brought against corporate executives and officers under the Fair Debt Collection Practices Act (the "FDCPA"), another federal consumer protection statute (like the FCRA). For example, in *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, the plaintiff attempted to bring a FDCPA claim against the owner, president, and treasurer of the defendant corporation. 42 F. Supp. 2d 797, 803-805 (N.D. Ill. 1999). The court explained that "[a]n owner, officer of a corporation, or shareholder may be held personally liable for the corporation's violation of FDCPA only if he or she personally violated the [FDCPA], i.e. the defendant cannot be held vicariously liable for statutory violations committed by the corporations' collection agents or some other employee." *Id*. It then dismissed the plaintiff's FDCPA claims against the owner, president, and treasurer of the defendant corporation because he was not personally involved with the "behavior that allegedly violate[d] the FDCPA." *Id*. On appeal, the United States Court of Appeals for the Seventh Circuit affirmed the dismissal and warned that bringing suits under federal

statutes such as the FDCPA against owners of a company "**might well warrant sanctions**." 211 F.3d 1057, 1059 (7th 2000) (emphasis added).[2]

In *Perovich*, the plaintiffs attempted to bring FDCPA claims against the "executive officers and owners" of the defendant corporation who allegedly directed the company's "policies, practices, and operations." 1997 U.S. Dist. LEXIS 16949 at 7-9 (N.D. Ill. 1997). The court still found this insufficient to hold the "executive officers and owners" liable and reiterated the well-settled principle that corporate executives and officers cannot be held personally liable for a company or corporation's actions, and in particular, statutory violations committed by the company or corporation's agents and employees. *Id*.

Here, in his proposed amended complaint, Plaintiff does not allege any specific wrong doing by any of the individuals he seeks to add as defendants. He does not allege they were involved with the Account—much less directly involved. He does not allege they had any involvement with the reporting of the Account to the credit reporting agencies. He does not allege they had any involvement with his alleged disputes regarding the credit reporting of the Account. He does not allege they had any knowledge he even disputed the credit reporting of the Account. Put simply, Plaintiff does not allege any personal involvement by any of the individuals he seeks to add as defendants or explain how they individually violated the FCRA regarding the Account.

---

[2] *See also White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) ("So far as the joinder of defendants other than North Shore and Book-of-the-Month Club is concerned, the suits are frivolous and the plaintiffs, represented by an experienced practitioner in consumer finance litigation, should have been sanctioned for what amounts to malicious prosecution. The Fair Debt Collection Practices Act is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil, which was not attempted here . . . or at companies that perform ministerial duties for debt collectors, such as stuffing and printing the debt collector's letters . . . The joinder of these defendants illustrates the all-too-common abuse of the class action as a device for forcing the settlement of meritless claims and is thus a mirror image of the abusive tactics of debt collectors at which the statute is aimed.")

Without such allegations, Plaintiff's proposed amendment is futile and the Court should deny his request for leave.

Plaintiff's attempt to add Defendant's parent corporation Snap-on Incorporated fails for a similar reason. A parent company is not liable for the acts or omissions of its subsidiary based merely on the parent/subsidiary relationship. *Batdorf*, 2000 U.S. Dist. LEXIS 6796 at 3; *Neal*, 2009 U.S. Dist. LEXIS 25504 at 6; *LinkAmerica Corp.*, 857 N.E.2d at 968; *IDS Life Ins. Co.*, 136 F.3d at 540; *see also* C*entral States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000) ("where corporate formalities are substantially observed and the parent does not dominate the subsidiary, a parent and a subsidiary are two separate entities and the acts of one cannot be attributed to the other").

Yet, Plaintiff, in his proposed amended complaint, attempts to hold Defendant's parent company Snap-on Incorporated solely due to its status as such. He does not allege any specific wrongdoing by Defendant's parent company. He does not allege it was involved with the Account. He does not allege it had any involvement with the reporting of the Account to the credit reporting agencies. He does not allege it had any involvement with his alleged disputes regarding the credit reporting of the Account. He does not allege it had any knowledge he even disputed the credit reporting of the Account. Put simply, Plaintiff does not allege Defendant's parent had any direct involvement with the Account or explain how it violated the FCRA regarding the Account. Without such allegations, Plaintiff's proposed amendment to add Defendant's parent company Snap-on Incorporated is futile and the Court should deny his request for leave.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's instant request for leave to file an amended complaint.

1052698\311981832.v1

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

        */s/ Joseph D. Kern*
        Joseph D. Kern

David M. Schultz
Joseph D. Kern
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
dschultz@hinshawlaw.com
jkern@hinshawlaw.com

8

## CERTIFICATE OF SERVICE

   I, Joseph D. Kern, an attorney, certify that on November 11, 2022, caused to be served a copy of the foregoing on the below listed individual by: depositing same in the U.S. Mail box at 151 North Franklin Street, Chicago, Illinois 60606, prior to 5:00 p.m., postage prepaid; messenger delivery; UPS; facsimile transmitted from (312) 704-3001; email; or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

- ☒ ECF
- ☐ Facsimile
- ☐ UPS
- ☐ U.S. Mail
- ☐ E-Mail
- ☐ Messenger Delivery

To: All parties of record

                */s/ Joseph D. Kern*
                Joseph D. Kern

1052698\311981832.v1