FILED
11/16/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of INDIANA

CASE NO. 1:22-cv-01217-SEB-KMB

| | |
|---|---|
| JOEY KIMBROUGH,<br><br>    Plaintiff,<br><br>v.<br><br>SNAP-ON CREDIT LLC;<br><br>EXPERIAN INFORMATION SOLUTIONS, INC (*settled and dismissed*);<br><br>EQUIFAX INFORMATION SERVICES LLC (*settled and dismissed*);<br><br>    Defendants, | Honorable Sarah Evans Barker<br><br>Magistrate Judge Kellie M. Barr |

**PLAINTIFF'S REPLY TO DEFENDANT SNAP-ON CREDIT LLC'S RESPONSE TO PLAINTIFF'S FIRST MOTION TO AMEND COMPLAINT AND ADD DEFENDANTS**

COMES now, Plaintiff Joey Kimbrough ("Plaintiff"), pursuant to Local Rule 7-1(c)(3)(B) – *Replies* – and submits the following *Plaintiff's Reply to Defendant Snap-on Credit LLC's Response to Plaintiff's First Motion to Amend Complaint and Add Defendants,* alleges and states:

**BACKGROUND**

1. On 6/15/22 Plaintiff filed with the Clerk of this Court a copy of his Complaint, Civil Cover Sheet, and Proposed Summons (dkt. 1).

2. On 6/22/22 Summons was issued by the Clerk as to Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Snap-on Credit LLC ("Snap-on") (dkt. 4).

3. Notice of Service of Process of Service (with attached Affidavit of Service) for Experian, Equifax, and Snap-on (dkt. 7).

4. Notice of Appearances for David M. Schultz and Joseph D. Kern (dkts 8 & 9) on 7/6/22.

5. 7/14/22 Corporate Disclosure Statement filed by Snap-on Credit LLC identifying Corporate Parent Snap-On Incorporated (dkt.16).

6. 7/19/22 Scheduling Order entered by Magistrate Judge Debra McVicker Lynch (dkt. 21).

7. 7/22/22 Equifax Settlement Stipulation of Dismissal filed by Plaintiff Joey Kimbrough for Equifax ONLY (dkt. 23).

8. 7/27/22 Answer to Complaint and Affirmative Defenses filed by Snap-on Credit LLC (dkt. 24).

9. 7/27/22 Order of Dismissal filed as to Equifax ONLY signed by Judge Sarah Evans Barker.

10. 8/9/22 Settlement Stipulation of Dismissal filed by Plaintiff Joey Kimbrough as to Experian ONLY (dkt. 27).

11. 8/25/22 Order of Dismissal filed as to Experian ONLY signed by Judge Sarah Evans Barker.

12. 9/30/22 Entry and Order from Initial Pretrial Conference. The Schedule for this case set out in order Dkt. 21 is adopted and ordered (dkt. 31).

13. 10/26/22 Plaintiff's First Motion for Leave to Amend and Add Defendants (dkt. 32).

14. 11/1/22 Reassignment of Case to Magistrate Judge Kellie M. Barr (dkt.33).

15. 11/8/22 Defendant's Unopposed Motion for Extension of Time to File Response to 11/11/22 (dkt. 34).

16. 11/9/22 Order granting Defendant's Unopposed Motion for Extension of Time to File Response (dkt. 35).

17. 11/1122 Plaintiff's Response to Plaintiff's Motion for Leave to Amend Complaint and Add Defendants (dkt. 36).

## LEGAL STANDING AND ARGUMENT

18. Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the court has the discretion to grant or deny a request for leave to file and amended pleading. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971)("It is settled that the grant of leave to amend pleadings pursuant to Rule 15(a) is within the discretion of the trial court."); *see also Cureton v.*

*Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 272 (3d Cir. 2001)("[A] motion for leave to amend a complaint [is] addressed to the sound discretion of the district court.").

19. "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk*, Inc., 434 F.3d 196, 204 (3d Cir. 2006)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)).

20. "In the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc*, 663 f.2d 419, 425 (3d Cir. 1981)(citing *Foman*, 371 U.S. at 182).

21. Given the liberal standard under Rule 15(a), "the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F, Supp. 2d 695, 700 (E.D. Pa. 2007). Defendant has shown none of the foregoing.

22. Plaintiff believes that allowing the filing of this Amended Complaint would serve justice and promote judicial efficiency.

## REPLY

23. Defendant filed their *RESPONSE* to Plaintiff's First Motion for Leave to Amend Complaint and Add Defendants on 11/11/22 pursuant to Local Rule 7-1(c)(3)(A).

24. Plaintiff is filing this *REPLY* pursuant to Local Rule 7-1(c)(3)(B) within the statutory timing of 7 days from Defendant's *REPSONSE*.

25. Plaintiff alleges that Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

26. Plaintiff's move to file the Amended Complaint within the time permitted by the Court in the scheduling order (dkt. 21).

27. Allowing Plaintiff to file his Amended Complaint would serve justice and promote judicial efficiency.  Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility.

28. Through the Amended Complaint, Plaintiff seeks to add five new Defendants: – one corporation, Snap-on Incorporated, and four individuals, Nicholas T. Pinchuk, Joseph J. Burger, Karen L. Daniel, and David C. Adams – that were directly responsible for Plaintiff's damages as outlined in the Complaint.  There is no plausible deniability of any of the individuals.

29. Plaintiff alleges that Snap-On Incorporated ("Parent Company") is responsible for the policies, procedures, and general day to day of all its subsidiary companies to include Snap-on Credit LLC.

30. It is through discovery and belief that Plaintiff alleges Nicholas T. Pinchuk has complete oversight of the publicly traded company Snap-on Incorporated.

31. It is through belief and discovery that Plaintiff alleges Joseph J. Burger has complete oversight of the operations of Snap-on Credit LLC.

32. It is through belief and discovery that Plaintiff alleges Karen L. Daniel and David C. Adams are board members and the respective chair of the *Organization and Executive Compensation Committee* and the *Corporate Governance & Nominating Committee* respectively. Each of these Committees purports to provide corporate governance adhering to Laws.

33. Plaintiff alleges that the Fair Credit Reporting Act as introduced by Congress as Law is being violated by each of the Proposed Defendants.

34. Plaintiff's Complaint clearly states the damages as a proximate result of several shortcomings related to the Snap-on team but two with specificity are: (1) lack of processes, procedures, and practices to ensure maximum accuracy of reported information to credit reporting agencies as is required by data furnishers, and (2) lack of training of the employees to ensure maximum accuracy.

35. Plaintiff has clearly stated in the *Proposed Amended Complaint* the role that Snap-on Incorporated and the four individual Defendants played in Plaintiff's actual damages.

36. Plaintiff gave Defendant (and Proposed Added Defendants) five opportunities to cure which are listed in the Complaint with specificity and

highlighted here as well: (1) Letter sent February 2022 listing derogatory inaccuracies, (2) Letter sent March 2022 listing derogatory inaccuracies, (3) Letter sent April 2022 listing derogatory inaccuracies, (4) Complaint filed with the BBB in which Snap-on replied they were reporting accurately, and (5) Complaint filed with the CFPB.

37. All attempts listed by Plaintiff in rhetorical paragraph 30 fell on deaf ears to the Defendant.

38. In March of 2022 Plaintiff applied for a needed $2.1M loan and was denied because of the inaccuracies perpetrated by Defendant. Further, Plaintiff would state that the *Proposed Defendants* having control of **governance** and **oversight** failed to ensure that Plaintiff was not damaged.

39. Plaintiff believes that, along with the original Defendant, these new Proposed Defendants had plenty of opportunity to cure and could have avoided litigation altogether while sparing Plaintiff of damages.

40. Plaintiff alleges that Defendant(s) actions are a proximate result of his actual damages to include lost loan and emotional distress claims.

41. Plaintiff believes that we are in the infancy stages of Discovery but he has received back interrogatories from his bank and mental health provider showing a lost loan and substantiating emotional distress claims. These interrogatories have been shared with the Defendant's counsel.

**WHERFORE**, for all the reasons listed, Plaintiff respectfully requests that this Court grant Plaintiff's leave to file First Motion for Leave to Amend Complaint and Add Defendants.

Dated: November 16th, 2022                          Respectfully submitted,

                                                     /s/ *Joey Kimbrough*
                                                     Joey Kimbrough, Plaintiff
                                                     1712 Candy Court South
                                                     Kokomo, IN 46902
                                                     Joeykokomo2002@yahoo.com
                                                     (765) 437-8451

## Certificate of Service

Plaintiff certifies that November 16th, 2022, the foregoing *PLAINTIFF'S REPLY TO DEFENDANT SNAP-ON CREDIT LLC'S RESPONSE TO PLAINTIFF'S FIRST MOTION TO AMEND COMPLAINT AND ADD DEFENDANTS* was filed with the Clerk of this Court via email as is required for a Pro Se litigant pursuant to the Rules of this Court.  I further certify that, on the same date, the same document was served on Counsel listed below via electronic email.

***Distribution:***

David M. Shultz                          Joseph D. Kern
dschultz@hinshawlaw.com       jkern@hinshawlaw.com