UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOEY KIMBROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01217-SEB-KMB |
| ) | |
| SNAP-ON CREDIT LLC, ) | |
| ) | |
| Defendant. ) | |

### ORDER GRANTING PLAINTIFF'S MOTION
### TO AMEND COMPLAINT AND ADD DEFENDANTS

This matter comes before the Court on Plaintiff's Motion to Amend Complaint and Add Defendants. [Dkt. 32]. For the reasons discussed herein, Plaintiff's motion is **GRANTED.**

#### I.  BACKGROUND

Plaintiff, Joey Kimbrough, filed this lawsuit on June 15, 2022, alleging certain violations of the Fair Credit Reporting Act ("FCRA") by Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Snap-on Credit LLC. [Dkt. 1.] Mr. Kimbrough has settled with Experian and Equifax, and both have been dismissed from the case. [Dkt. 25, 30.] Mr. Kimbrough's claims against Snap-on Credit LLC remain pending.

On October 26, 2022, Mr. Kimbrough filed a Motion to Amend Complaint and Add Defendants. [Dkt. 32.] Mr. Kimbrough seeks to add Snap-on Incorporated, Nicholas T. Pinchuk, Joseph J. Burger, Karen L. Daniel, and David C. Adams as Defendants. [*Id.*] Snap-on Credit LLC opposes Mr. Kimbrough's motion, arguing that the proposed amendment is futile. [Dkt. 36.]

#### II.  LEGAL STANDARD

After the opportunity to amend the pleadings as a matter of course has passed, a party may amend a complaint only with the written consent of the opposing party or leave of the court. Fed.

R. Civ. P. 15(a). Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave [to amend] when justice so requires." *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). A court may deny a party's motion to amend when "it is clear . . . that amendment is futile," however, "[s]uch cases of clear futility at the outset of a case are rare" and amendment should be refused only if it appears to a certainty that the plaintiff cannot state a claim. *Id.* at 520. Moreover, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Snap-on Credit LLC, as the party objecting to the amendment, bears the burden of showing the Amended Complaint's futility. *Estate of Simpson v. Bartholomew Cty. Jail*, 1:14–cv–01035–SEB–MJD, 2014 WL 5817319, at *1 (S.D. Ind. Nov. 7, 2014).

### III. DISCUSSION

Mr. Kimbrough alleges that Snap-on Incorporated, as Snap-on Credit LLC's parent company, "has or should have oversight of the governance of all corporate entities to ensure that the public is protected pursuant to all applicable laws," including the FCRA, and that its lack of proper procedure to ensure accurate credit reporting contributed to his damages. [Dkt. 32-1 at 18-19, ¶¶ 105-10.] Mr. Kimbrough alleges that Nicholas T. Pinchuk, the Chairman and Chief Executive Officer of Snap-on Incorporated, had "complete oversight of all operations of Snap-on Incorporated, to include all subsidiaries of the brand," that Mr. Pinchuk was responsible for ensuring a system was in place to report credit information accurately, and that Mr. Pinchuk's failure to do so contributed to his damages. [*Id.* at 19, ¶¶ 111-15.] Mr. Kimbrough alleges that Joseph J. Burger, as the President of Snap-on Credit LLC, had "complete oversight of Snap-on Credit LLC," that Mr. Burger was responsible for ensuring a system was in place to report credit

information accurately, and that Mr. Burger's failure to do so contributed to his damages. [*Id.* at 19-20, ¶¶ 116-20.] Mr. Kimbrough alleges that Karen L. Daniel, as a Board Member of Snap-on Incorporated and Chairperson of the Organization & Executive Compensation Committee, "shall meet the independence requirements of applicable law," including the FCRA, and that Ms. Daniel's failure to ensure that a system was in place to ensure the accuracy of reported information contributed to his damages. [*Id.* at 20-21, ¶¶ 121-27.] Finally, Mr. Kimbrough alleges that David C. Adams, as a Board Member of Snap-on Incorporated and the Chairperson of the Corporate Governance & Nominating Committee, "shall meet the independence requirements of applicable law," including the FCRA, and that Mr. Adams's failure to ensure that a system was in place to ensure the accuracy of reported information contributed to his damages. [*Id.* at 21-22, ¶¶ 128-34.]

Snap-on Credit LLC argues that the proposed amendment would be futile because Mr. Kimbrough "seeks to add these individuals solely due to their status as corporate officers or board members of [Snap-on Credit LLC] or [Snap-on Credit LLC]'s parent company Snap-on Incorporated," and "to add Snap-on Incorporated solely due to its status as [Snap-on Credit LLC]'s parent." [Dkt. 36 at 2.] Snap-on Credit LLC argues that Mr. Kimbrough fails to include any allegation that the proposed individual Defendants or Snap-on Incorporated had any personal involvement with Mr. Kimbrough's account or credit reporting. [*Id.* at 6-7.]

At this stage in the proceedings, the Court cannot say with the required certainty that Mr. Kimbrough's proposed Amended Complaint fails to state a claim, particularly in light of the fact that Mr. Kimbrough is proceeding *pro se*. Mr. Kimbrough goes beyond merely adding the proposed Defendants based on their status as an executive, board member, or parent company, rather he alleges that each one failed to properly ensure compliance with the FCRA and ensure that appropriate policies and procedures were in place. [Dkt. 32-1 at 18-22, ¶¶ 105-34.] Snap-on

3

Credit LLC has not shown that such claims are categorically impermissible. "[F]utility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." *Gorss Motels, Inc. v. Brigadoon Fitness Inc.*, No. 1:16-cv-330-HAB, 2020 WL 2570046, at *3 (N.D. Ind. May 21, 2020) (quoting *Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010)). Accordingly, applying the liberal standard for amending pleadings, the Court finds that Mr. Kimbrough's proposed Amended Complaint is sufficient to survive Snap-on Credit LLC's futility argument.

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Amend Complaint and Add Defendants. [Dkt. 32]. The Court directs the Clerk to docket the Amended Complaint at Dkt. 32-1 and issue the proposed summons at Dkt. 32-2. The Amended Complaint is deemed served on the current Defendant on the date of its entry on the docket. Plaintiff must promptly arrange for appropriate service of process on Snap-on Incorporated, Nicholas T. Pinchuk, Joseph J. Burger, Karen L. Daniel, and David C. Adams.

**So ORDERED.**

Date: 12/30/2022

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution: Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

JOEY KIMBROUGH
1712 Candy Court South
Kokomo, IN 46902